UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RICHARD GEORGE STAROFSKY, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-cv-04054-SLD-JEH |
| DETECTIVE O'BRIEN, OFFICER SCOTT STAHL, HECTOR VASQUEZ, | ) ) ) ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Pro se Plaintiff Richard George Starofsky, Jr. brings suit against Defendants Detective O'Brien and Officer Scott Stahl of the Moline Police Department and Investigator Hector Vasquez of the Department of Children and Family Services alleging violations of his constitutional rights. Compl., ECF No. 1. The matter comes before the Court for merit review under 28 U.S.C. § 1915(e)(2) and on Plaintiff's motions to proceed in forma pauperis ("IFP"), ECF No. 4, to request counsel, ECF No. 2, and for default judgment, ECF No. 6, and a motion filed by Plaintiff's wife, Cynthia Starofksy, ECF No. 7.

### BACKGROUND

Plaintiff alleges the following. In early February 2016, two officers from the Moline Police Department came to Plaintiff's house. Compl. 4. His father was visiting at that time. *Id.* Defendants O'Brien and Vasquez "began questioning [Plaintiff] concerning allegations of sexual abuse." *Id.* Plaintiff "vehemently denied any such thing [and] repeatedly requested an attorney." *Id.* Plaintiff's father also requested an attorney for Plaintiff—Plaintiff explains that he has "severe mental disabilities [and] [doesn't] know how to read or write." *Id.* Defendants "continued to scream at [Plaintiff] saying [he] was a liar [and] to just confess despite [his]

1

request for an attorney." *Id.* Defendant O'Brien "stated several times at the top of her lungs that she was not leaving until [Plaintiff] confessed to crimes [he] did not commit." *Id.* at 4–5. Defendants did not allow Plaintiff's father to be in the room to assist Plaintiff with the questioning even though Plaintiff did not have the capacity to understand "the things going [on]." *Id.* at 5.

Plaintiff was charged with predatory criminal sexual assault and aggravated criminal sexual abuse in Rock Island County. *See 2016CF117 Starofsky, Richard G Jr.*, Rock Island County, IL, https://judici.com/courts/cases/case_information.jsp?court=IL081025J&ocl=IL081025J,2016CF117,IL081025JL2016CF117D1 (click on "Dispositions") (last visited August 2, 2021).[1] His initial appearance was on February 13, 2016. *See id.* (click on "History"). In December 2016, he pleaded guilty to multiple counts of aggravated criminal sexual abuse and was sentenced to 48 months of probation. *See id.* (click on "Dispositions"). He was discharged from probation in December 2020. *See id.* (click on "History"). In April 2021, Plaintiff requested expungement of his conviction, petitioned for a certificate of innocence, and petitioned for habeas corpus relief in his state court case. *See id.*; Compl. Exs., ECF No. 5 at 3–11, 13–19. The request for expungement was denied, but the petition for a certificate of innocence and petition for habeas corpus relief remain pending. *See History*, *supra*.

Plaintiff brings suit pursuant to 42 U.S.C. § 1983, which provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or

---

[1] The Court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court takes judicial notice of information on Rock Island County's electronic case search website.

immunities secured by the Constitution and laws." He alleges that Defendants violated his constitutional rights. Compl. 5.

## ANALYSIS

I.  **IFP Motion**

Plaintiff moves to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). He submitted an affidavit signed under penalty of perjury which demonstrates that he is unable to pay the costs of the proceeding. IFP Mot. 1–5. His motion to proceed IFP, therefore, is GRANTED.

II.  **Merit Review**

   a.  **Legal Standard**

A court must dismiss a complaint brought by an individual proceeding IFP if it determines the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining if a complaint fails to state a claim under § 1915(e)(2)(B)(ii). *Coleman v. Lab. & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017) (citations omitted). Thus, the court takes all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The court liberally construes pro se complaints, *id.*, but conclusory statements and labels are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must "state a claim to relief that is plausible on its face." *Id.* at 570.

   b.  **Discussion**

It is apparent from the allegations of the Complaint, the timing of Plaintiff's arrest and conviction, and the exhibits Plaintiff filed in this Court that Plaintiff is asserting that Defendants violated his constitutional rights in connection with his 2016 conviction for aggravated sexual

abuse. And though he does not clearly state what type of constitutional claims he is bringing, the Court concludes that Plaintiff is alleging he was unconstitutionally questioned and led to falsely confess to the sex crimes. These claims necessarily imply the invalidity of his state conviction. *See Savory v. Cannon*, 947 F.3d 409, 412, 417–18 (7th Cir. 2020) (concluding that the plaintiff's claims—which included that a claim that the defendants had coerced a false confession from him—necessarily implied the invalidity of his conviction because "[t]here [wa]s no logical way to reconcile those claims with a valid conviction"); *cf. Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (finding that the plaintiff's denial that he had drugs at his home and argument that he was framed necessarily challenged the validity of his drug conviction). As such, his claims are not cognizable unless he can show "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see also Savory*, 947 F.3d at 430–31 (concluding that *Heck* applies to § 1983 claims which imply the invalidity of a conviction or sentence even after the plaintiff is released from custody). Although Plaintiff has moved for expungement, a certificate of innocence, and habeas corpus relief, he has not been granted such relief. Thus, his claims must be dismissed.

### III.    Remaining Motions

As Plaintiff's claims have been dismissed, his motion requesting appointment of counsel and his motion for default judgment are MOOT. The motion filed by Plaintiff's wife is STRICKEN as she is not a party to this case.

## CONCLUSION

Accordingly, Plaintiff's motion to proceed in forma pauperis, ECF No. 4, is GRANTED, but his Complaint, ECF No. 1, is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  His motion to request counsel, ECF No. 2, and motion for default judgment, ECF No. 6, are MOOT.  The motion filed by Plaintiff's wife, ECF No. 7, is STRICKEN.  The Clerk is directed to send Cynthia Starofsky the paperwork for filing a lawsuit under 42 U.S.C. § 1983 at the address listed in her motion.  The Clerk is also directed to enter judgment and close this case.

Entered this 2nd day of August, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE